IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LAURIE BORDOCK                                                                PLAINTIFF

V.                    CIVIL NO. 3:15-cv-03034-TLB-MEF

CITY OF FLIPPIN, ARKANSAS                                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Laurie Bordock, filed her Complaint *pro se* in the Eastern District of Arkansas on May 26, 2015. (Doc. 2) It was then properly transferred to the Western District of Arkansas on May 28, 2015. (Doc. 4) Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), pursuant to which the Court is authorized to screen non-prisoner *in forma pauperis* complaints for the purpose of deciding whether the complaint is frivolous or malicious.

I.     **BACKGROUND**

In Plaintiff's Complaint, she named the City of Flippin, Arkansas as the Defendant. (Doc. 2, p. 1) Flippin is located in Marion County, within the Western District's jurisdiction. Plaintiff claims she was falsely arrested by the Flippin Police Department for "a little singing of a song" (i.e., "Jesus loves the homosexuals," sung to the tune of "Jesus Loves the Little Children") while shopping at Wal-Mart, and for refusing to deal drugs for the police. (Doc. 2, p. 1-3) She claims

that she "was detained for over 20 minutes [and] then handcuffed." (Doc. 2, p. 2) Plaintiff associates the city and police department's alleged methamphetamine problem to the financial hardships caused by the arrival of Wal-Mart, remarking that, "[people] probably have to resort to meth trafficking just to stay afloat." (Doc. 2, p. 3-4) Plaintiff alleges that she was released from jail, appeared in court and pled not guilty, and that she has to go back to court in another month for the trial. (Doc. 2, p. 3) Plaintiff gives her address as "general delivery" in Harrison, Arkansas. (Doc. 2, p. 1) The Docket Report shows Plaintiff's address as Room 35, Goldenspur Motel, 601 S. Kerr Boulevard, Sallisaw, OK 74955, but mail sent to Plaintiff at that address has been returned as Undeliverable marked RTS Unable to forward, and no new address is available.

As relief, Plaintiff is seeking "3 million dollars for civil rights violations." (Doc. 2, p. 1, 4) Given the nature of the Complaint and the relief requested, Plaintiff's appears to be asserting a claim under 42 U.S.C. § 1983 for an alleged deprivation of her civil rights.

## II.    APPLICABLE LAW

Pursuant to the 28 U.S.C. § 1915(e)(2)(B)(i), the Court is authorized to determine whether the Plaintiff's Complaint is frivolous or malicious.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A determination of whether an *in forma pauperis* complaint is frivolous or malicious depends upon the answer to two questions: (1) is the claim "based on an indisputably meritless legal theory," and (2) is the claim based upon "factual contentions [that] are clearly baseless[?]" *Id*. at 327. If the answer to either question is "yes," then the complaint is frivolous, and *in forma pauperis* status should be denied (or revoked). *Id*. at 325.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### III. DISCUSSION

Plaintiff claims she was "falsely arrested" by Defendant causing her civil rights to be violated. Therefore, Plaintiff challenges the validity of her arrest and detainment pursuant to 42 U.S.C. § 1983.

In *Heck v. Humphrey*, the Supreme Court held:

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."

*Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994). Plaintiff is seeking relief for civil rights violations, stemming from her arrest and detainment. Plaintiff has not made any allegation that the criminal charge stemming from her arrest and detainment has been dismissed or has otherwise been disposed of in her favor. In fact, Plaintiff does not appear to have had her trial in the matter. In her Complaint, Plaintiff states she entered a not guilty plea, and that she has "to go back [to court] now in another month for the court trial." (Doc. 2, p. 3) Thus, Plaintiff's claim arising from her alleged false arrest is not a cognizable claim for relief under § 1983 at this time. As such, the claim is based upon "an indisputably meritless legal theory," and upon "factual contentions that are clearly baseless," and the Complaint is frivolous. *In forma pauperis* status, granted by Order

entered on June 1, 2015 (Doc. 6), should therefore be revoked, and Plaintiff's Complaint should be dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's *in forma pauperis* status be revoked and that her Complaint against the Defendant be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 19th day of June 2015.**

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE